## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN FOOD & VENDING CORPORATION, | |
| Plaintiff, | |
| v. | Case No. |
| FISHER CLINICAL SERVICES INC. | |
| Defendant. | |

## COMPLAINT

Plaintiff, American Food & Vending Corporation, by and through its attorneys Rosenn, Jenkins, and Greenwald LLP, hereby files the instant Complaint against Defendant, Fisher Clinical Services Inc., and in support thereof, avers as follows:

## PARTIES

1. Plaintiff, American Food & Vending Corporation (hereinafter "AFV"), is a food and vending services provider incorporated in New York, with a place of business at 124 Metropolitan Park Drive, Syracuse, New York 13088.

2. Defendant, Fisher Clinical Services Inc. (hereinafter "Fisher"), is a Pennsylvania corporation with an address at 7554 Schantz Road, Allentown, Pennsylvania 18106 (hereinafter the "premises").

## JURISDICTION AND VENUE

3. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391 because it is the judicial district where the Defendant resides and where a substantial part of the events giving rise to this action occurred.

## THE FACTS

5. AFV entered into a Food and Vending Services Agreement with Fisher on or about May 10, 2016, whereby Fisher granted AFV the exclusive right to operate food and vending service, and the non-exclusive right to provide catering service at 7554 Schantz Road, Allentown PA 18106 and 700 Nestle Way, Breinigsville, PA 18031 for an initial term of three (3) years (hereinafter "Agreement").

6. Section XII of the Agreement provides AFV a right of first refusal to match any competing offers received by Fisher for the services AFV provides as follows:

> Client agrees to provide AFV with Notice of any offer, from any entity other than AFV (or its Affiliates or subsidiaries), to provide any of the SERVICES to Client (the "Competing Offer") received while the Agreement is in effect. With respect to Competing Offers during periods of time following the agreed term of the Agreement, Client shall afford AFV the opportunity to match the Competing Offer. Should AFV elect to match the Competing Offer, this Agreement shall remain in effect as modified by the terms of the Competing Offer, unless AFV and Client agree otherwise. (emphasis in original)

7. Pursuant to Section XV of the Agreement, Fisher is required to provide all notices required or permitted under the Agreement in writing to AFV in one of three ways: (i) personal delivery, with receipt acknowledged, (ii) by prepaid certified or registered mail, postage prepaid, return receipt requested, or (iii) by overnight delivery by any carrier of national reputation.

8. In or around May 2019, AFV and Fisher agreed to extend the term of the Agreement through July 1, 2020.

9. The Amendment to the Agreement specifically stated that "[a]ll other terms and conditions of the Agreement not otherwise expressly amended by this Amendment shall remain in full force and effect."

10. In or around May 2020, AFV and Fisher entered into Amendment #2 to the Agreement which extended the initial term through July 1, 2025, and stated that "[a]ll other terms and conditions of the Agreement not otherwise expressly amended by this Amendment #2 shall remain in full force and effect."

11. In or around May 2025, AFV and Fisher entered into Amendment #3 to the Agreement which extended the initial term through October 1, 2025, and stated that "[e]xcept as expressly amended by this Amendment, all other provisions of the Agreement shall remain unchanged and in full force and effect."

12. In or around October 2025, AFV and Fisher entered into Amendment #4 to the Agreement which extended the initial term through December 5, 2025, and stated that "[e]xcept as expressly amended by this Amendment, all other provisions of the Agreement shall remain unchanged and in full force and effect."

13. In or around December 2025, AFV and Fisher entered into Amendment #5 to the Agreement which extended the initial term through February 13, 2026, and stated that "[e]xcept as expressly amended by this Amendment, all other provisions of the Agreement shall remain unchanged and in full force and effect."

14. The aforementioned Amendments to the Agreement do not expressly amend, or otherwise address, AFV's right of first refusal with respect to matching any competing offers pursuant to Section XII of the Agreement.

44O4587

15. Upon information and belief, Fisher has received a competing offer for the services that AFV provides to Fisher pursuant to the Agreement.

16. On or around January 14, 2026, Fisher's Senior Procurement Manager, Michelle Chambers (herein after "Ms. Chambers"), contacted AFV via email to inform it that Fisher would not renew the Agreement upon its expiration on February 13, 2026. A true and correct copy of the January 14, 2026 email correspondence is attached hereto as Exhibit "A" and incorporated herein by reference.

17. On or around January 19, 2026, AFV responded to Mrs. Chambers seeking written notice of any Competing Offer received by Fisher for the services AFV provides pursuant to Section XII of the Agreement. A true and correct copy of the January 19, 2026 correspondence is attached hereto as Exhibit "B" and incorporated herein by reference.

18. On or around January 21, 2026, Fisher's Corporate Counsel, Katie Barr (hereinafter "Ms. Barr"), contacted AFV via email stating that Fisher would not provide written notice of any competing offer to AFV, implicitly acknowledging that Fisher received a competing offer for the services AFV provides pursuant to the Agreement. A true and correct copy of the January 21, 2026 email correspondence is attached hereto as Exhibit "C" and incorporated herein by reference.

19. On or around January 22, 2026, AFV responded to Ms. Barr reiterating its request to receive written notice of any competing offer which Fisher is obligated to provide under the Agreement. A true and correct copy of the January 22, 2026 correspondence is attached hereto as Exhibit "D" and incorporated herein by reference.

20. Despite repeated demands, Fisher has failed and refused to provide AFV written notice of any competing offer it received for the services AFV provides to Fisher and failed and refused to provide AFV with opportunity to match such competing offer if it so elects.

## **COUNT I – BREACH OF CONTRACT**

21. AFV hereby incorporates Paragraphs 1 through 20 herein by reference as if more fully set forth at length.

22. AFV has fully and satisfactorily complied with its contractual obligations pursuant to Agreement and Amendments.

23. Despite repeated demands, Fisher has failed and refused to provide AFV with written notice of any competing offer for the services AFV provides to Fisher under Section XII of the Agreement.

24. Fisher has breached Agreement and Amendments by failing and refusing to provide AFV with written notice of any competing offer for the services AFV provides to Fisher and therefore has failed to provide AFV with opportunity to match such competing offer if it so elects.

25. Fisher has breached the Agreement and Amendments when it informed AFV that it would not renew the Agreement via email, inconsistent with the methods of notice required under Section XV of the Agreement.

26. If AFV is ordered to remove its equipment after February 13, 2026 pursuant to Fisher's demand, AFV's damages will exceed $75,000.00, an exact amount to be determined based upon the competing offer.

WHEREFORE, Plaintiff, American Food & Vending Corporation, respectfully requests that this Honorable Court order Fisher to specifically perform its obligations to provide AFV with written notice of and an opportunity to match any competing offer pursuant to Section XII of the Agreement, or in the alternative award AFV damages in excess of $75,000.00, plus costs and such other relief this Court deems appropriate and just.

4O4587

## **COUNT II – FRAUDULENT INDUCEMENT**

27. AFV hereby incorporates Paragraphs 1 through 26 herein by reference as if more fully set forth at length.

28. Fisher induced AFV to enter into the Agreement by promising, inter alia, that it would provide written notice of any competing offers to AFV for services AFV provides with a right to match any competing offers.

29. Said promise reasonably induced AFV to enter the Agreement and the Amendments extending the initial term of the Agreement.

30. AFV met its obligations under the Agreement and Amendments.

31. But for said promise, AFV would not have entered into the Agreement and Amendments with Fisher.

32. Upon information and belief, as set forth herein, Fisher never intended to honor Section XII of the Agreement and provide notice of competing offers with a right to match to AFV.

33. AFV justifiably relied upon Fisher's promise to provide AFV with written notice of competing offers for services it provides to Fisher.

34. Fisher knows, or should have known, that said promise would reasonably induce AFV's reliance upon it.

35. Fisher should be estopped from reneging on said promise and failing to comply with its obligation to provide written notice of any competing offer to AFV for the services AFV provides.

36. Fisher's conduct is extreme, outrageous and warrants the imposition of punitive damages.

44O4587

WHEREFORE, Plaintiff, American Food & Vending Corporation, respectfully requests that this Honorable Court order Fisher to specifically perform its obligations to provide AFV with written notice of and an opportunity to match any competing offer pursuant to Section XII of the Agreement, or in the alternative award AFV damages in excess of $75,000.00, plus punitive damages, costs and such other relief this Court deems appropriate and just.

                                Respectfully submitted,

                                ROSENN JENKINS & GREENWALD, LLP

By:    s/ *James C. Oschal*
         JAMES C. OSCHAL, ESQUIRE
         Attorney ID No. 53846
         KRYSTI M. OSCHAL, ESQUIRE
         Attorney ID No. 336344
         Cross Creek Pointe
         1065 Highway 315, Suite 200
         Wilkes-Barre, PA  18702
         Ph: 570-826-5621
         Fax: 570-826-5640
         joschal@rjglaw.com
         koschal@rjglaw.com

         Attorneys for Plaintiff,
         American Food & Vending Corporation

4career587